IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| STEVEN WALKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| J.C. CHRISTENSEN & ASSOCIATES, INC., | ) |
| | )   JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, STEVEN WALKER, by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, J.C. CHRISTENSEN & ASSOCIATES, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1.  This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2.  Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4.  STEVEN WALKER, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Ramsey, County of Anoka, State of Minnesota.

5.  The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Fairview (hereinafter, "the Debt").

1

6. The Debt was for medical bills allegedly incurred by Plaintiff.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. J.C. CHRISTENSEN & ASSOCIATES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Minnesota. Defendant is incorporated in the State of Minnesota.

9. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.    ALLEGATIONS

14. From in or around February 2012 through in or around November 2012, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect the Debt.

15. During the course of the aforesaid time period, Defendant engaged in multiple communications with Plaintiff wherein Defendant attempted to collect the Debt.

16. During the course of the aforesaid time period, Defendant engaged in multiple communications with Plaintiff's wife wherein Defendant attempted to collect the Debt.

17. During the course of the aforesaid time period, Defendant initiated multiple telephone calls to Plaintiff at his place of employment in an attempt to collect the Debt.

18. During the course of the aforesaid time period, Defendant also initiated multiple telephone calls to Plaintiff at telephone number other than Plaintiff's telephone number at his place of employment.

19. During the course of the aforesaid time period, Defendant was cognizant of at least one (1) telephone number at which it could communicate with Plaintiff relative to the Debt other than Plaintiff's telephone number at his place of employment.

20. During the course of the aforesaid time period, Defendant was cognizant of a mailing address for Plaintiff at which it could communicate with Plaintiff relative to the Debt.

21. In or around February 2012, at the time Defendant initiated a telephone to Plaintiff at his place of employment, Plaintiff and Defendant engaged in a telephone conversation wherein Defendant attempted to collect the Debt.

22. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that his employer does not permit him to accept calls of such nature while he is at work.

23. Plaintiff further requested that Defendant no longer contact him at his place of employment.

24. In or around February 2012, Plaintiff's wife also informed Defendant that Plaintiff could not receive telephone calls from Defendant at Plaintiff's place of employment.

25. During the course of the aforesaid time period, Plaintiff's wife specifically informed Defendant that Plaintiff would get in trouble at his place of employment if Defendant called Plaintiff at his place of employment.

26. During the course of the aforesaid time period, despite being advised on multiple occasions, that Plaintiff's employer prohibits him from receiving calls such as those from Defendant, Defendant proceeded to initiate at least one (1) telephone call to Plaintiff at his place of employment in a further attempt to collect the Debt.

27. On or about November 21, 2012, Defendant initiated a telephone call to Plaintiff at his place of employment in a further attempt to collect the Debt.

28. On or about November 21, 2012, despite Defendant having been informed on multiple occasions that Plaintiff could not receive telephone calls from Defendant while at his place of employment, Defendant initiated a telephone call to Plaintiff at his place of employment in a further attempt to collect the Debt.

29. In its attempts to collect the Debt, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3); and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. Jury Demand

31. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. Prayer for Relief

WHEREFORE, Plaintiff, STEVEN WALKER, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**STEVEN WALKER**

By:   s/ Greig Dahlke
      Attorney for Plaintiff

Dated: January 11, 2013

Greig Dahlke (Minnesota Bar No: 0391034)
SMITHMARCO, P.C.
1068 Selby Ave.
St. Paul MN 55104
Telephone: (651) 356-8269
Facsimile: (888) 418-1277
E-Mail: gdahlke@smithmarco.com